**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES WRIGHT

               Plaintiff,

v.                                CIVIL ACTION NO.  2:19-cv-00753

INTERNATIONAL ASSOCIATION OF SHEET
METAL, AIR, RAIL AND TRANSPORTATION
WORKERS LOCAL UNION NO. 33, et al.,

               Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union No. 33 and West Virginia Sheet Metal Worker's Joint Apprenticeship Training Center's Motion to Dismiss. [ECF No. 8]. Plaintiff has not responded, and the deadline for responding has expired. The motion is thus ripe for the court's adjudication. For the reasons that follow, the Motion is **GRANTED without prejudice**.

I.    **Background**

Plaintiff Charles Wright, an individual residing in Charleston, West Virginia, brought the current action against Defendants International Association of Sheet Metal, Air, Rail, and Transportation Workers Local Union No. 33 ("Defendant Union") and Defendant West Virginia Sheet Metal Worker's Joint Apprenticeship Training Center ("Defendant JATC"). Defendant Union, located in Cross Lanes, West

Virginia, operates Defendant JATC, a Training Program for apprentice sheet metal workers which has its principal office in Parkersburg, West Virginia.

According to the Complaint, Plaintiff, an African-American, became an Apprentice with Defendants on or about April 2, 2012 and soon thereafter began his apprentice training at Defendant JATC. The Complaint states that the apprenticeship is five years and that advancement through the apprenticeship is based on the number of work hours in a 12-month period—i.e. to advance in the apprenticeship, an apprentice must accumulate "1600 credit work hours" within a 12-month period. Each advancement in the apprenticeship results in a higher hourly wage. Work hours are attained by the assignment of apprentices by Defendants to jobs with employer members of the Contractors' Association. Defendants respond to requests for workers from the employer members of the Contractors' Association.

The Complaint alleges that over the course of his apprenticeship, Plaintiff was treated less favorably than similarly situated White apprentices and employees in work assignments and progression through the JATC apprenticeship program. Plaintiff advanced more slowly than similarly situated White apprentices because he was offered fewer jobs by Defendants and was not retained by employer members of the Contractors' Association as long or as often. Plaintiff alleges that his disparate treatment was due to his race. Furthermore, the Complaint alleges that in June 2018, a fellow African-American apprentice, Erik Roy, observed a noose hanging from a doorknob in the facility of Defendant JATC. Plaintiff alleges the noose reflected Defendants' discriminatory animus and was meant to intimidate African-Americans.

2

According to the Complaint, on August 9, 2018, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") at Charge Nos. 533-2018-02054 (Defendant Union) and 533-2018-02055 (Defendant JATC) claiming he had been discriminated against because of his race by Defendants. On July 24, 2019, the EEOC issued a Notices of Right to Sue to Plaintiff.

On October 16, 2019, Plaintiff brought the current action against Defendants alleging unlawful race discrimination in violation of Title VII (Count I), unlawful race discrimination in violation of 42 U.S.C. § 1981 (Count II), and unlawful race discrimination in violation of the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-1 et seq. (Count III). Plaintiff uses federal question jurisdiction for Counts I and II and supplemental jurisdiction for Count III.

On February 21, 2020, Plaintiff's counsel withdrew. [ECF No. 7]. On March 13, 2020, Defendants filed a Motion to Dismiss. [ECF No. 8]. On March 25, 2020, I directed Plaintiff to obtain new counsel within thirty days. [ECF No. 11]. As of this date, Plaintiff has not obtained new counsel. Defendants renewed their Motion to Dismiss on May 4, 2020. [ECF No. 12]. Plaintiff did not respond.

## II.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-

01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

In addition, here, Plaintiff is pro se. Courts are to afford pro se litigants wide latitude in their pleadings. *See Williamson v. Stirling*, 912 F.3d 154, 169 (4th Cir. 2018) ("[W]e are obliged to liberally construe the allegations of his pro se verified Complaint."). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, No. 19-1220, 2020 WL 2530832, at *10 (4th Cir. May 19, 2020).

## III. Discussion

### a) Unlawful race discrimination in violation of Title VII—Count I

Plaintiff brings a disparate treatment claim under Title VII. In a disparate treatment case, the plaintiff must establish "that the defendant had a discriminatory intent or motive for taking a job related action." *Squire v. FedEx Freight, Inc.*, No. CV ELH-17-3597, 2020 WL 1235012, at *13 (D. Md. Mar. 12, 2020) (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)). Plaintiff's claim may be proved either by direct evidence or by the structured procedures set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To satisfy a claim for disparate treatment, a plaintiff must allege the following:

> (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) disparate treatment as compared to similarly situated employees.

*Webb v. Potomac Elec. Power Co.*, No. CV TDC-18-3303, 2020 WL 1083402, at *4 (D. Md. Mar. 6, 2020) (citing *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)); *see also McDonnell Douglas*, 411 U.S. 792. Although a plaintiff need not "plead facts establishing a prima facie case of discrimination to survive a motion to dismiss," a plaintiff must nevertheless "state a plausible claim for relief." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

In addition, "where a plaintiff asserts a disparate treatment claim, the plaintiff must demonstrate that a comparator is similarly situated in all relevant respects." *Squire*, 2020 WL 1235012, at *13 (citing *Swaso v. Onslow Cty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017)). Factors include "that the employees dealt with the same supervisor, were subject to the same standards and ... engaged in the same

conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.* (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)) (internal quotations removed). "Overall, the inquiry simply asks whether there are sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination." *Swaso*, 698 F. App'x at 748.

Here, Plaintiff simply alleges he "suffered disparate treatment by Defendants and was treated less favorably than similarly situated White apprentices and employees in work assignments and progression through the JATC apprenticeship program." Compl. [ECF No. 1] ¶ 31. But Plaintiff alleges only conclusory allegations which do not reach a plausibility standard. *See Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017); *McCleary–Evans*, 780 F.3d at 585 ("[T]he defendant's decision to select someone other than her, and the cause that she asks us to infer (i.e., invidious discrimination) is not plausible in light of the 'obvious alternative explanation' that the decisionmakers simply judged those hired to be more qualified and better suited for the positions."). Plaintiff has failed to allege any specific facts to infer that Defendants were motivated by discriminatory intent. *See McCleary-Evans*, 780 F.3d at 585 (finding a plaintiff must nevertheless "state a plausible claim for relief").

In addition, Plaintiff's Complaint fails to establish facts necessary to show a plausible basis that Plaintiff was similarly situated to his comparator employees. Nor does the Complaint allege specific facts showing that race was the true basis for his less favorable treatment. "The complaint's allegations of race discrimination, therefore, do not rise above speculation." *See Johnson v. Floyd*, No. 3:19-CV-521, 2020 WL 2520171, at *7–8 (E.D. Va. May 18, 2020) (quoting *Coleman*, 626 F.3d at 190–91). For example, Plaintiff has not shown any facts that he was similar to his comparators, such as "that the employees dealt with the same supervisor, were subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *See Squire*, 2020 WL 1235012, at *13. All Plaintiff has alleged are naked assertions that he was treated less favorably than similarly situated White apprentices and employees, which is not enough to demonstrate a plausible basis for relief. *See McCleary-Evans*, 780 F.3d at 588 (finding that if the plaintiff's claim could proceed as stated, then "any qualified member of a protected class who alleges nothing more than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion"); *Coleman*, 626 F.3d at 190–91. Defendants' Motion is **GRANTED** as to Count I.

### b) Unlawful race discrimination in violation of 42 U.S.C. § 1981—Count II

The analysis for discrimination claims under Title VII is the same as it is for 42 U.S.C. § 1981. *See e.g., Love–Lane v. Martin*, 355 F.3d 766, 786 (4th Cir.2004);

*Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir.2002); *Davis v. Lewis*, 376 F. Supp. 3d 629, 642–43 (E.D.N.C. 2019); *Brown v. Baltimore Police Dep't*, No. CIV.A. RDB-11-00136, 2011 WL 6415366, at *8 (D. Md. Dec. 21, 2011) ("The Fourth Circuit has held that the requirements to establish a prima facie case of discrimination are the same under Title VII [and] section 1981…."). Defendants' Motion is **GRANTED** as to Count II.

### c) Unlawful race discrimination in violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq.—Count III

Next, Plaintiff alleges a discrimination claim under the WVHRA, W. Va. Code § 5-11-1 et seq. To prevail under the WVHRA, a plaintiff must satisfy the three-part test enunciated in *McDonnell–Douglas. See* 411 U.S. 792; *Mayflower Vehicle Systems, Inc. v. Cheeks*, 629 S.E.2d 762, 772 (W.Va. 2006). Under this test, the plaintiff must show that (1) the plaintiff is a member of a protected class, (2) the employer made an adverse decision concerning the plaintiff, and (3) but for the plaintiff's protected status, the adverse decision would not have been made. *Id.* If the plaintiff makes a prima facie showing, then the burden shifts to the defendant to give a legitimate, nondiscriminatory reason for the adverse decision. The plaintiff must then show that the reason proffered by the defendant was not the true reason for the decision, but that it was instead a pretext for discrimination. *Id.*

As discussed above, Plaintiff has pled only conclusory allegations which do not demonstrate a plausible claim to relief. Plaintiff has not pled any specific facts as to how he was discriminated against because of his race or any facts showing how

8

similarly situated white apprentices were treated more favorably—outside the naked assertions that Plaintiff advanced more slowly than his white counterparts.[1] Defendants' Motion is **GRANTED** as to Count III.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, [ECF No. 8], is **GRANTED without prejudice**. Plaintiff, being pro se, should understand this to mean that the claim is not barred simply by the entry of this order. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      May 27, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] I remain deeply concerned by the allegation that a fellow African-American apprentice "observed a noose hanging from a doorknob in the facility of Defendant JATC." Compl. [ECF No. 1] ¶ 18. Racism remains the most significant and pervasive social ill in America. However, simply stating a co-worker saw a noose hanging from a doorknob in Defendant JATC's facility, without connecting this in any way to the claims Plaintiff brings, is not enough to plausibly entitle Plaintiff to relief. I also note that Plaintiff has not brought a hostile work environment claim.

9